930 A.2d 1221

IN THE MATTER OF THEODORE F. KOZLOWSKI,
AN ATTORNEY AT LAW.

September 12, 2007.

**ORDER**

The Disciplinary Review Board having filed with the Court its decision in DRB 06–290, concluding that **THEODORE F. KOZLOWSKI**, formerly of **MORRISTOWN**, who was admitted to the bar of this State in 1978, and who has been suspended from the practice of law since October 13, 2004, pursuant to Orders of the Court filed on September 16, 2004, and May 5, 2005, should be suspended from the practice of law for a period of one year for violating *RPC* 1.3 (lack of diligence), *RPC* 1.4(c) (failure to advise client so client can make informed decisions about the representation), *RPC* 3.2 (failure to expedite litigation), and *RPC* 1.15(b) (failure to refund retainer as ordered by the Court);

And **THEODORE F. KOZLOWSKI** having been ordered to show cause why he should not be disbarred or otherwise disciplined;

And good cause appearing;

And the Court having determined that the one-year term of suspension should be consecutive to the two-year period of suspension ordered by the Court this date in D–24–06 (DRB 06–211); and it is further

ORDERED that **THEODORE F. KOZLOWSKI** is suspended from the practice of law for a period of one year, effective September 13, 2009, and until the further Order of the Court; and it is further

ORDERED that on reinstatement to the practice of law, respondent shall not practice as a sole practitioner until the further Order of the Court; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.